IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:90-CR-180-1 |
| | ) | 2:90-CR-278-1 |
| | ) | 2:90-CR-293-1 |
| WOODY MALLARD RAYMER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court are Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Case No. 1:90CR180-1, ECF No. 3; Case No. 2:90CR278-1, ECF No. 3; Case No. 2:90CR293-1, ECF No. 3), Motion for Appointment of Counsel (Case No. 1:90CR180-1, ECF No. 5; Case No. 2:90CR278-1, ECF No. 5; Case No. 2:90CR293-1, ECF No. 5), and Amended Motion for Compassionate Release (Case No. 1:90CR180, ECF No. 7; Case No. 2:90CR278-1, ECF No. 7; Case No. 2:90CR293-1, ECF No. 7).[1] The Government filed responses. (Case No. 1:90CR180-1, ECF Nos. 10, 12; Case No. 2:90CR278-1, ECF Nos. 10, 12; Case No. 2:90CR293-1, ECF Nos. 10, 12.) Defendant filed a reply (Case No. 1:90CR180-1, ECF No. 13; Case No. 2:90CR278-1, ECF No. 13; Case No. 2:90CR293-1, ECF

---

[1] The motions arise in three related cases in this Court: Case No. 1:90CR180-1; Case No. 2:90CR278-1, and Case No. 2:90CR293-1. With respect to the motions now being considered, the parties have filed duplicate pleadings in all three cases. If not otherwise noted, citations to documents filed in CM/ECF throughout the Order refer to filings in Case No. 2:90CR293-1.

No. 13) and subsequently filed a character letter and supplement. (Case No. 1:90CR180-1, ECF Nos. 14, 15; Case No. 2:90CR278-1, ECF No. 14; Case No. 2:90CR293-1, ECF No. 14.) Having considered the arguments of the parties, the Court finds Defendant has shown an extraordinary and compelling reason for a reduction in sentence, however, a consideration of the factors under 18 U.S.C. § 3553(a) weigh against a reduction. For the reasons discussed below, Defendant's Motion for Compassionate Release, Amended Motion for Compassionate Release, and Motion for Appointment of Counsel will be denied.

I. BACKGROUND

Defendant is 78 years old and has a current projected release date of September 16, 2034.[2] With the exception of brief periods when he escaped, Defendant has been in the Bureau of Prisons ("BOP") custody since 1982. Defendant was originally committed to BOP custody as a result of a conviction in the Eastern District of Tennessee for bank robbery in violation of 18 U.S.C. § 2113(a), (d). (Case No. 2:90CR293-1, ECF No. 11 at 2.) He was sentenced to 15 years' imprisonment. (*Id.*) In 1988, while serving that sentence, he escaped from federal custody. (*Id.* at 4.) He was recaptured, convicted of unlawful escape in violation of 18 U.S.C. § 751, and sentenced to 27 months' imprisonment, to run concurrently with his previously imposed sentence. (*Id.*)

In 1990, while serving his sentence at Butner Federal Correctional Institution ("Butner"), Defendant again escaped from federal custody. Defendant purportedly convinced an employee at the prison facility, Ms. Whitfield, he was working undercover to test prison

---

[2] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc /(last visited on May 7, 2025.)

security. Relying on her assistance he escaped. (ECF No. 10 at 3; ECF No. 15, ¶¶ 14-15.) Two days later Defendant robbed the Central Carolina Bank and Trust Company bank in Durham, North Carolina. (Case No. 1:90CR180-1, ECF No. 1.) After he was apprehended, Defendant was indicted for bank robbery in the Middle District of North Carolina (*id.*) and unlawful escape in the Eastern District of North Carolina. (Case No. 5:90CR74-2). The unlawful escape case was subsequently transferred to this district. (*See* Case No. 2:90CR278-1; *see also* E.D.N.C. Case No.5:90CR74-2, ECF No. 5.) Defendant pleaded guilty to both offenses. (Case No. 1:90CR180-1, ECF No. 2; Case No. 2:90CR278-1, ECF No. 2.)

While awaiting sentencing at the Guilford County Jail in High Point, North Carolina, Defendant coordinated an escape with the help of a woman with whom he had been corresponding by mail. (ECF No. 15, ¶¶ 12-13.) He faked or caused an injury so he would be transported to the hospital. (*Id.* at 5, 85.) His accomplice, Kathy Marie Banter, brought a gun to Defendant in his hospital room. (*Id.*, ¶¶ 6-7.) Defendant used the weapon to disarm the officer who was guarding him and fled the scene.[3] Defendant, Ms. Banter, and her minor child were apprehended a short time later. (*Id.*, ¶10.) Defendant was subsequently indicted for escape in violation of 18 U.S.C. § 751(a) and possession of a firearm in commerce by a felon in violation of 18 US.C. §§ 922(a)(1) and 924(e)(1). (Case No. 2:90CR293-1, ECF No. 1.) Defendant pleaded guilty. (*Id.*, ECF No. 2.)

Defendant was sentenced to 240 months' imprisonment for the robbery of the Central Carolina Bank and Trust Company bank after his escape from Butner. The sentence was

---

[3] Defendant did not injure the officer but placed the gun to the officer's head and threatened to kill him before he fled the scene. (ECF No. 15, ¶ 8.)

ordered to run concurrently with his previously imposed sentences from the Eastern District of Tennessee. (Case No. 1:90CR180-1, ECF No. 2 at 2; Case No. 2:90CR293-1, ECF No. 11 at 5). He was sentenced to 18 months' imprisonment for the escape charge, to run consecutively to his other sentences. (Case No. 1:90CR278-1, ECF No. 2 at 2.) Defendant was sentenced to 60 months' imprisonment for his escape from the Guilford County jail and 300 months' imprisonment for the related conviction of being a felon in possession of a firearm, the sentences to run consecutively to one another and his other sentences. (Case No. 2:90CR293-1, ECF No. 2 at 2.) Consequently, Defendant has been serving an aggregate term of imprisonment of 52 years, 11 months and 30 days. (Case No. 2:90CR293-1, ECF No. 11 at 7.) He has currently served over 35 years in prison. (*Id.*)

## II. ARGUMENTS OF THE PARTIES

In his Motion for Compassionate Release and Amended Motion for Compassionate Release, Defendant argues a reduction in sentence is warranted based on: his old age; because he has been incarcerated in highly restrictive conditions for 25 years which are impacting his physical and mental health; because he has been in custody for a period of more than 32 years; because he is an honorably discharged Vietnam Veteran who suffers from PTSD and physical injuries from serving his country; his risk from Covid-19; and because his elderly wife has health issues and requires assistance. (ECF Nos 3, 7.) Defendant asserts the 18 U.S.C. § 3553(a) factors support a reduction because he "no longer poses any danger to the community." (*Id.* at 37.) He also asserts that the rehabilitation he has done and the extremely severe circumstances under which he has served his sentence at the Administrative-Maximum U.S. Penitentiary are sufficient to serve the goals of sentencing for his crimes. (*Id.* at 60.)

The Government opposes the motions seeking a reduction in sentence. (ECF Nos. 10, 12.) The Government asserts that insofar as Defendant attacks the conditions of his confinement at Florence ADMAX penitentiary as excessive and inhumane the arguments are not properly before the Court in a motion for compassionate release. (ECF No. 10 at 2, 7.) The Government acknowledges Defendant's age, medical conditions, and length of time served likely establish an extraordinary and compelling reason for a reduction. (*Id.* at 2, 8.) However, the Government contends the § 3553(a) factors weigh against a reduction in sentence. (*Id.*) The Government argues Defendant is a "recidivist offender with two decades worth of violent crimes whose criminal conduct only stopped when incarcerated after his eighth federal offense, and his third escape from federal custody . . ." (*Id.* at 12.) The Government argues that to satisfy the goals of deterrence and protecting the public, the Court should deny the motion.

## III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant satisfied the exhaustion requirement by filing a request for compassionate release with the Bureau of Prisons which was denied by the warden on October 13, 2022. (ECF No. 3-1 at 2.) The Court will, therefore, proceed to the merits of Defendant's motion.

### A. Extraordinary and Compelling Reasons

A motion under § 3582(c)(1)(A) is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010). In accordance with the Sentencing Commission policy guidelines, an extraordinary and compelling reason exists to support a sentence reduction if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) as served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).[4] With respect to family circumstances, the guidelines recognize that an extraordinary and compelling circumstance may exist from the incapacitation of a spouse "when the defendant would be the only available caregiver for the spouse." U.S.S.G. § 1B1.13(b)(3)(B). The guidelines also include a catchall provision that an extraordinary and

---

[4] The policy guidelines also provide that deteriorating health from aging may amount to an extraordinary and compelling reason for a reduction if it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B) Defendant does not provide any claim or evidence which suggests his medical conditions substantially dimmish his ability to care for himself in prison. To the contrary, the medical records show his many chronic illnesses and other health issues are well addressed and treated properly within the custodial setting. Consequently, the Court does not find this applicable to Defendant's motion.

compelling reason may exist when a defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) thought (4)." U.S.S.G. § 1B1.13(b)(5).

    1.    <u>Conditions of Confinement</u>

First, the Court will address Defendant's argument that he is entitled to relief because he has been incarcerated under extremely restrictive and harsh conditions. The Government asserts that this argument attacks the conditions of confinement as excessive and inhumane and is not properly before the Court pursuant to a motion for compassionate release. (*Id.* at 2, 7.) The Government is correct that arguments attacking the conditions of his confinement as unconstitutional are not properly raised in a motion for compassionate release under 18 U.S.C. § 3582. *See, e.g.*, *United States v. Cooper*, Case No. 2:16-CR-00022, 2024 WL 2095945, at *2 (S.D.W.Va. May 9, 2024). However, in his reply Defendant clarifies that he is not asserting a claim that his conditions of confinement are unconstitutional but arguing the severe conditions under which he has served his sentence are an extraordinary and compelling circumstances which support a reduction in sentence. (ECF No. 13 at 2.)

Defendant has been incarcerated at Florence ADMAX penitentiary for over 25 years. Defendant describes his conditions of confinement as severe and highly restrictive with long periods of isolation and argues these conditions should be considered in weighing whether he has been justly punished and paid his debt to society. (*Id.* at 2-4.) While the conditions under which Defendant is incarcerated are highly restrictive, caselaw supports that the BOP may impose such conditions when they serve "legitimate penological interests." *United States v.*

7

*Alimehmeti*, No. 16 CR 398, 2024 WL 4880197, at *7 (S.D.N.Y. Nov. 25, 2024). Defendant's assignment to Florence ADMAX is supported by his three prior escapes from custody, during which he committed additional crimes. As the strict conditions of incarceration are necessitated by Defendant's own behavior, the Court finds Defendant has failed to establish they amount to an extraordinary and compelling reason for relief.

2. Age, Health, Time Served

The Court next considers Defendant's arguments that his age, poor and declining physical and mental health, and substantial time already served amount to an extraordinary and compelling circumstance to support a reduction. The record reflects that Defendant suffers from numerous health conditions including hypertension, hyperlipidemia, osteoarthritis of the knee, nerve pain, low back pain, a herniated disc, PTSD, and chronic pain secondary to injuries from his military service. (ECF No. 11-1 at 1-155.) A 2022 health assessment notes additional conditions such as benign hypertrophy of prostate, Vitamin D deficiency, unequal limb length, and general and unspecified pain. (*Id.* at 37.) Defendant is on numerous medications, including daily medicine for blood pressure and high cholesterol, as well as pain medication. (*See, e.g., id.* at 38.) Another record indicates Defendant has difficulty sleeping due to pain and that "standing, walking and sitting increase his pain." (*Id.* at 40.)

Accordingly, the records demonstrates that Defendant's suffers from chronic illnesses and poor health. Further, as Defendant notes, when he petitioned for administrative relief, BOP personnel determined Defendant met the initial criteria for a reduction in sentence based

8

on his age and health.⁵ (ECF No. 3-2 at 2.) And the Government does not dispute that Defendant's age and medical conditions likely amount to an extraordinary and compelling reason for a reduction. (ECF No. 10 at 2, 8.) Accordingly, the Court finds that Defendant has established an extraordinary and compelling reason based on his age, declining health, and length of time served. *See* U.S.S.G. § 1B1.13(b)(2).

      3.      <u>Family Circumstances</u>

Defendant argues that his family circumstances amount to an extraordinary and compelling reason for a reduction because his wife is in her 80's, is diabetic and has arthritis, and "needs me these waning years." (ECF No. 3 at 2.) The Court accepts that Defendant's wife is elderly and faces health challenges. However, Defendant, who just generally refers to her declining health from diabetes and arthritis, has failed to show that his wife is incapacitated. The desire to assist an aging family member does not amount to an extraordinary and compelling circumstance. *See, e.g.*, *United States v. Henriquez*, No. 1:15CR225-1, 2021 WL 5771543, at *3-4 (M.D.N.C. Dec. 6, 2021). Defendant also fails to show he is the only available caregiver. Defendant's wife has been living without him for more than three decades.⁶ Defendant has not shown, or even alleged, she has no other people to help her or act as caregivers. Accordingly, Defendant has failed to show his family circumstances are an extraordinary and compelling reason for relief.

---

⁵ However, they found that other factors weighed against a reduction in sentence and denied a reduction. (ECF No. 3-2 at 2.)

⁶ In fact, Defendant has lived with his wife less than four months during their marriage. The presentence investigation report indicates Defendant met and married his wife while he was incarcerated and only lived with her for several months upon his release in 1982 before he reoffended and was reincarcerated. (ECF No. 15, ¶ 80.)

9

4. Covid-19

Defendant's reliance on any risk from Covid-19 is similarly unhelpful to his request for a reduction. A risk from Covid-19 may be considered an extraordinary and compelling circumstance, however § 3582 requires a defendant to show his health conditions increase the risk of a serious or fatal infection and the risk in prison is higher than outside the facility. *See United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023). The Sentencing Commission policy advises that an inmate seeking such relief must show an outbreak of an infectious disease or public health emergency which "due to personal health risk factors and custodial status" place a defendant at increased risk of severe complications or death. U.S.S.G. § 1B1.13(b)(1)(D).

Defendant refers to his age and health issues but fails to identify any specific concerns that show particular health issues that result from being incarcerated. Defendant's age and some of his health conditions may increase his risk from Covid-19.[7] However, there is no suggestion by Defendant that his health conditions are not being adequately addressed by the BOP. His medical records reflect he has been vaccinated against Covid-19, (ECF No. 11-1 at 124), mitigating his risk from the Covid virus. *See, e.g., Davis*, 99 F.4th at 655-56. Defendant has also failed to show he is at a correctional facility "affected or at imminent risk of being affected" by a Covid-19 outbreak or public health emergency. *See* U.S.S.G. § 1B1.13(b)(1)(D)(i). The available data shows that Florence Correctional complex, which includes Florence ADMAX, currently has no cases of Covid-19.[8] Accordingly, Defendant

---

[7] CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 3, 2025).

[8] *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited May 13, 2025, and data last updated Jan. 21, 2025.)

10

fails to establish an extraordinary and compelling circumstance based on any risk from Covid-19.

> **B. 3553(a) Factors**

Having found an extraordinary and compelling reason due to Defendant's advanced age and deteriorating health, the Court must consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence. In making this analysis, the Court considers a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See* 18 U.S.C. § 3553(a). A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d). Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

The Court acknowledges Defendant's challenging circumstances. He is a 78-year-old inmate in declining health who has spent decades incarcerated under restrictive conditions and has many years left to serve on his sentence. The Court also recognizes factors that weigh in Defendant's favor, including his honorable military service during the Vietnam War, which resulted in physical injuries and caused PTSD, and the fact that Defendant has taken a variety of BOP educational courses while incarcerated. (ECF No. at 19-27.) However, the Court concludes these factors do not outweigh the factors which support his current lengthy

sentence. After reviewing Defendant's personal history as well as the serious nature of the crimes in the instant cases, the Court can only conclude that Defendant, even as he ages, presents a substantial risk to public safety.

Defendant's criminal behavior, beginning at the age of 18, includes over 20 offenses and evidences a blatant disregard for the law and others. (ECF No. 15, ¶¶ 41-63.) Among his many crimes, Defendant had been convicted of armed robbery nine times. (*Id.*) His periods of incarceration seem to have had little impact on his criminal proclivities, and his history suggests his criminal conduct only stops when he is incarcerated. Many of his offense were committed shortly after release from incarceration on prior offenses.

The serious nature of the offenses in the instant cases also weigh against a reduction in sentence. Defendant escaped from federal custody multiple times, and in at least two of the cases he did so by convincing others to assist him. Almost immediately upon his escape from Butner, he robbed a bank. During the escape from the hospital, he put a gun to an officer's head threatening to shoot him. There is also evidence that when Defendant's re-arrest was imminent, he expressed to his accomplice that he should have killed the officer. (ECF No. 11, ¶ 10.)

Defendant argues extensively about his lengthy sentence and the conditions of his confinement, but both are a direct result of his actions. Defendant was sentenced to 15 years' imprisonment for the armed bank robbery in Knoxville, Tennessee, and would have been released from incarceration years ago absent his escapes and additional crimes. (ECF No. 11, ¶ 60.) Defendant complains about his assignment to Florence ADMAX and his decades of

imprisonment under the severe conditions in the high security facility.[9] However, his multiple escapes from federal custody and the crimes he committed during those escapes necessitate this more restrictive level of custody. Despite his words to the contrary, the record does not show acceptance of responsibility or remorse for his crimes or his victims. Finally, although the Court recognizes that Defendant's physical ailments and age may somewhat limit his physical capabilities, the Court does not believe that he no longer poses a threat to the public. More than once Defendant was able to persuade and manipulate people to help him commit crimes. Age and poor health do not diminish that ability.

Accordingly, the Court determines the nature and circumstances of the crimes, the need for the sentence to reflect the seriousness of the crimes, Defendant's personal history, the need to deter crime, and the need to protect the public all weigh against granting a reduction of sentence. A reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public. *See* 18 U.S.C. § 3553(a)(2).

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Defendant has filed a Motion for Appointment of Counsel, (ECF No. 5), in which he asserts he does not have the "capability to adequately present his case in any meaningful manner without legal assistance." (*Id.* at 3.) He explains he was able to file his motions with the assistance of a fellow inmate but asserts he will no longer have that assistance. (*Id.* at 4.) He broadly contends he requires counsel to "fully litigate" his arguments. (*Id.* at 5.) He argues

---

[9] Defendant concedes that "[p]eriodically [he] was placed into one of the step-down units where the procedures vary but was placed back into the isolation units after a period of some months." (ECF No. 31 at 51.)

that his motion is based on his physical and mental health and claims he has been unable to get his relevant medical records from the BOP and needs counsel to do so. (*Id.*)

The right to counsel does not extend beyond the first appeal of right. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). A motion under § 3582 is not an opportunity to relitigate sentencing issues and does not require appointment of counsel or a hearing on the claims. *Id.* at 730. With respect to his assertion that counsel is necessary to compel the BOP to produce medical records, the argument is not persuasive. Defendant has attached over 40 pages of his BOP medical records to his motion, demonstrating he had access to such records. (ECF No. 4 at 2-3, 34-87.) Further, the Government filed a complete copy of Defendant's BOP medical records with the Court pursuant to these motions. (ECF No. 11-1 at 1-150.) Defendant has not otherwise indicated why counsel is necessary. As shown, Defendant thoroughly presented the reasons he believes entitle him to relief, however, as discussed, his reasons do not persuade this Court that he is entitled to reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly, Defendant has failed to demonstrate a particular need that supports appointing counsel in this matter.

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that each of Defendant's Motions discussed above and as listed hereinafter are **Denied**: (1)Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Case No. 1:90CR180-1, ECF No. 3; Case No. 2:90CR278-1, ECF No. 3; ) Case No. 2:90CR293-1, ECF No. 3); (2) Defendant's Motion for Appointment of Counsel (Case No. 1:90CR180-1, ECF No. 5; Case No.

2:90CR278-1, ECF No. 5; Case No. 2:90CR293-1, ECF No. 5); and (3) Defendant's Amended Motion for Compassionate Release (Case No. 1:90CR180, ECF No. 7; Case No. 2:90CR278-1, ECF No. 7; Case No. 2:90CR293-1, ECF No. 7.

This, the 19th day of May 2025.

/s/ Loretta C. Biggs  
Senior United States District Judge